(Pleito No. 76.—Fallado el 24 de Agosto de 1900.)

## Gordils contra Menéndez.

Recurso contra sentencia dictada por el Tribunal de Distrito de San Juan.

RECURSOS.   EXCEPCIONES; CUANDO SE PROPONDRÁN.   La excepción de incompetencia de jurisdicción de un Tribunal inferior, ó la falta de personalidad

de las partes, debe alegarse y discutirse oportunamente en el pleito, á fin de que el Tribunal haga sobre ellas el pronunciamiento preciso. Esto constituiría un motivo de recurso contra una sentencia errónea.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á veinte y cuatro de Agosto de mil novecientos, en los autos de incidente de nulidad de actuaciones seguidos en el Tribunal de este Distrito por la sucesión de Doña Rafaela Menéndez de Medina, residente en España, contra la sucesión de Don Gil Gordils Dalmau, de esta vecindad; pendientes ante Nos en virtud de recurso de casación por quebrantamiento de forma, interpuesto por esta última, y sostenido en su defensa y representación ante este Tribunal Supremo por el Letrado Don Rafael López Landrón, habiendo estado dirigida y representada la sucesión Menéndez por el Abogado Don Hilario Cuevillas Hernández.—Resultando: Que en el cumplimiento de sentencia de un juicio declarativo de mayor cuantía, la sucesión Gordils embargó varias acciones del Banco Español y de la fábrica de hielo de esta Ciudad, una póliza de seguro de la New York Life Insurance Company y la hacienda "Media Luna", de Manatí, con todas sus pertenencias y anexos, así como las rentas que producían, bajo la afirmación de que todo ello era de la propiedad de los herederos Medina-Menéndez.—Resultando: Que en veinte y ocho de Agosto del año anterior la sucesión Menéndez, compuesta de Doña Rafaela Medina, viuda de Velarde y de sus hermanos Don Gervasio, Doña Isabel, Doña María, Doña Marina y Doña Dolores Medina Menéndez, presentó escrito promoviendo incidente de nulidad de los referidos embargos y actuaciones referentes, bajo los fundamentos que alegó y que no son para considerarlos en este recurso, de cuya demanda incidental se dió traslado únicamente á la sucesión Gordils, quien lo impugnó en el fondo en su totalidad, concluyendo por suplicar que se declarase improcedente en definitiva, con las costas.—Resultando: Que abierto á prueba dicho artículo y sustanciado debidamente, recayó sentencia

en treinta de Abril último, por la cual se declara sin lugar el incidente de nulidad de actuaciones en cuanto á lo referente á los embargos de las acciones del Banco, de la fábrica de hielo y de la póliza de seguro de vida, y con lugar en cuanto al embargo de la hacienda "Media Luna" y sus rentas; cuyo embargo se manda alzar inmediatamente, reservando á las partes el ejercicio del derecho de dominio sobre los bienes de que se ocupa este incidente para el juicio ordinario de tercería que corresponde; sin hacer expresa condenación de costas.—Resultando: Que la sucesión Gordils interpuso recurso de casación por quebrantamiento de forma y por infracción de ley, fundando aquél.—1.º En la incompetencia de jurisdicción, caso 6.º del artículo 1,691 de la Ley de Enjuiciamiento Civil, porque el Tribunal no era competente para resolver en un incidente de nulidad de actuaciones cuestiones de dominio, como lo ha hecho, en lo referente al levantamiento del embargo de la hacienda "Media Luna" y sus frutos—2.º En la falta de citación y audiencia de la sucesión de Don Gervasio Medina, caso 1.º del referido artículo, porque se ha tramitado el incidente sin esos requisitos, toda vez que ni se ha entendido con ella ni se le ha citado ni emplazado para ninguna diligencia.— 3.º Falta de personalidad en la sucesión Menéndez, caso 2.º del citado artículo, porque la sucesión Menéndez dejó de asumir en los autos principales la personalidad del deudor ejecutado Medina, para ostentar la de terceros; y es indudable que no pueden hoy legítimamente gestionar en este incidente con otra distinta personalidad. Se añade que se reclamó la subsanación de estas dos últimas faltas llegando hasta interponer recurso de casación por infracción de ley; constando que el Tribunal Supremo en su sentencia de dos de Marzo último, declaró sin lugar el recurso interpuesto por la sucesión Gordils, bajo el fundamento de que el auto recurrido por el que se desestima un incidente de nulidad de actuaciones nacido dentro de otro, de la misma clase, no puede servir de materia de casación, puesto que por su natu-

raleza no lesiona derechos del recurrente, quien dentro del incidente principal puede ó ha podido utilizar todos los medios conducentes á su defensa.—Resultando: Que la parte recurrente sostuvo su recurso en el acto de la vista, impugnándolo la representación de la parte recurrida.—Visto, siendo Ponente el Juez Asociado Don José M.ª Figueras Chiqués.—Considerando: Que la incompetencia de la jurisdicción que puede motivar el recurso de casación en el concepto concreto de quebramiento de forma, según el número 6.º del artículo 1,691 de la Ley del Enjuiciamiento Civil, ha de alegarse y discutirse oportunamente en el pleito, según así se desprende, de los artículos 858 y 1,694 de la citada ley, preceptivos de que para la admisión de dicho recurso es indispensable que se haya reclamado la subsanación de la falta en la instancia que se cometió.—Considerando: Que en el incidente originario no aparece redargüido de incompetencia el Tribunal del Distrito de San Juan para conocer del mismo, pues el debate planteado y cuya resolución ha dado lugar al presente recurso, únicamente versa sobre nulidad de embargos y actuaciones consiguientes, sin que se haya hecho la más ligera indicación de que otro Tribunal distinto sea el competente para conocer del incidente, requisito indispensable en toda reclamación de incompetencia.—Considerando por otra parte: Que los recursos han de resolverse dentro de la forma que se plantean, y habiendo fundado éste en el número 6.º del artículo 1,691, que es la incompetencia, no puede considerarse el hecho de que el Tribunal *a quo* haya ó no resuelto cuestiones de dominio en un incidente de nulidad, porque esto no entraña bajo concepto alguno la incompetencia alegada.—Considerando: En cuanto al segundo motivo ó sea la falta de citación y emplazamiento de la sucesión de Don Gervasio Medina, número 1.º del referido artículo 1,691, que es un principio de derecho que nadie puede volver sobre sus propios actos, y la sucesión Gordils, que es la recurrente, ha sostenido que en los procedimientos de apremio sólo son parte legítima los

ejecutantes y los ejecutados, y como á tales embargó á la sucesión Medina–Menéndez los bienes que son objeto de este incidente por entender esta parte que la herencia de Medina se aceptó sin el beneficio de inventario y se habían confundido en unas mismas personas los caracteres de herederos; y después de estas declaraciones no puede alegarse con fruto la falta indicada, toda vez que el incidente se ha sustanciado con las personas que, en sentir del mismo recurrente, constituyen por confusión la sucesión Medina–Menéndez.—Considerando: Que por los mismos razonamientos podría rechazarse la falta de personalidad en la sucesión Menéndez para promover el incidente que se alega y funda el recurrente en el número 2° del citado artículo 1,691, pero hay además que se confunde la falta de capacidad personal para demandar ó comparecer en juicio con la falta de acción ó de derecho que es cuestión del fondo y que por tanto no puede resolverse en recursos de esta índole.—Considerando, además: Que ni sobre la falta de citación y emplazamiento, ni sobre la de personalidad que constituyen el segundo y tercer motivo del recurso, se ha hecho dentro del incidente pedimento concreto que obligase al Tribunal *a quo* á hacer sobre ellas pronunciamiento preciso en la sentencia recurrida, y esta omisión también obstaculiza las actuales pretensiones de la parte recurrente. —Considerando: Que por las razones expuestas no resultan cometidas los quebrantamientos de forma en que se funda el recurso.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación interpuesto por la representación de la sucesión Gordils, á quien condenamos al pago de las costas; en su oportunidad líbrese la certificación correspondiente al Tribunal de este Distrito y dése cuenta, una vez notificada ésta, para sustanciar y decidir el recurso de casación por infracción de ley, también interpuesto.—Así por esta nuestra sentencia que se publicará en la *Gaceta*, lo pronunciamos, mandamos y firmamos.

José C. Hernández.—José M.ª Figueras.—Rafael Nieto Abeillé.—Louis Sulzbacher.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José Mª Figueras Chiqués, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico en Puerto Rico á veinte y cuatro de Agosto de mil novecientos.—E. de J. López Gaztambide.